Slip Op. 09 - 14

UNITED STATES COURT OF INTERNATIONAL TRADE

- - - - - - - - - - - - - - - - - - - x

FORMER EMPLOYEES OF WARP PROCESSING    :
CO., INC.,
                                       :
                    Plaintiffs,
                                       :
          v.                              Court No. 08-00179
                                       :
UNITED STATES DEPARTMENT OF LABOR,
                                       :
                    Defendant.
- - - - - - - - - - - - - - - - - - - x


Memorandum & Order


[Motion for voluntary remand to defendant
 regarding plaintiffs' eligibility for
 trade-adjustment assistance granted.]


                              Dated:  February 20, 2009


     Steptoe & Johnson LLP (Joel D. Kaufman and Michael T.
Gershberg) for the plaintiffs.

     Michael F. Hertz, Deputy Assistant Attorney General; Jeanne E.
Davidson, Director, Patricia M. McCarthy, Assistant Director,
Commercial Litigation Branch, Civil Division, U.S. Department of
Justice (Christopher L. Krafchek) for the defendant.


          AQUILINO, Senior Judge:  This action pursuant to 19

U.S.C. §2395 and 28 U.S.C. §1581(d) has been brought by former

employees of Warp Processing Co., Inc. of Exeter, Pennsylvania,

seeking judicial review of the Negative Determinations Regarding

Eligibility To Apply for Worker Adjustment Assistance And

Alternative Trade Adjustment Assistance (Feb. 19, 2008) of the

Employment and Training Administration ("ETA"), U.S. Department of Labor, No. TA-W-62,655, and of its subsequent Notice of Negative Determination Regarding Application for Reconsideration (March 18, 2008).  Upon the filing of the ETA administrative record ("AR"), answer to the complaint, and motion by the plaintiffs for judgment on that record, comes now the Defendant's Consent Motion for Voluntary Remand "to enable Labor to state with greater clarity and accuracy the bases for its determination in a way that would facilitate this Court's review."

I

Suffice it to state that such review, albeit limited to date, leads to the conclusion that defendant's motion is well-taken.  Whatever the impact of increased imports from China and other countries on domestic textile manufacturing, "adversely affected secondary workers" shall be certified as eligible to apply for trade adjustment assistance ("TAA") benefits if the Secretary of Labor determines that

(1) a significant number or proportion of the workers in the workers' firm or an appropriate subdivision of the firm have become totally or partially separated, or are threatened to become totally or partially separated;

(2) the workers' firm (or subdivision) is a supplier or downstream producer to a firm (or subdivision) that employed a group of workers who received a certification of eligibility under subsection (a) of this section, and such supply or production is related to the article that

was the basis for such certification (as defined in subsection (c)(3) and (4)[1] of this section); and

> (3) either –

>> (A) the workers' firm is a supplier and the component parts it supplied to the firm (or subdivision) described in paragraph (2) accounted for at least 20 percent of the production or sales of the workers' firm; or

>> (B) a loss of business by the workers' firm with the firm (or subdivision) described in paragraph (2) contributed importantly to the workers' separation or threat of separation determined under paragraph (1).

19 U.S.C. §2272(b).

A

According to ETA's <u>Negative Determinations</u> herein, the agency's investigation revealed that foregoing subsection 3 had not been met:

> Petitioners allege that job losses were due to their firm losing business as a supplier firm, producing components for trade certified firms. The investigation revealed the subject firm did supply component parts utilized by customers engaged in textile manufacturing; however, workers at these textile manufacturing firms have not received a primary certification making them eligible to apply for adjustment assistance.

---

[1] Section 2272(c)(3) of Title 19, U.S.C. defines "downstream producer" as "a firm that performs additional, value-added production processes for a firm or subdivision, including a firm that performs final assembly or finishing" and (c)(4) defines a "supplier" as "a firm that produces and supplies directly to another firm (or subdivision) component parts for articles that were the basis for a certification of eligibility".

AR, p. 112.  Without any supplementation of the administrative record, ETA's negative determination regarding the petitioners' application for reconsideration explains that the investigation revealed that Warp's only customer was Brawer Brothers, Inc.  See id. at 142.  That determination also reports that the agency considered three companies, which the petitioners claimed to have been supplied with component products by Warp and which had currently TAA-certified worker groups.  The agency found that such certifications in re Cortina Fabrics and Guilford Mills, Inc. had expired prior to the period at issue in this matter.  As for Native Textiles, Inc., while its workers were certified as eligible to apply for benefits under 19 U.S.C. §2272(a) during the relevant period, ETA found that circumstance to be

> irrelevant because the subject firm did not conduct business with that company during the relevant period and because warped synthetic fiber is not a component part of the warp knit synthetic tricot fabric produced by Native Textiles.

Id.


II

In an action such as this, the Secretary of Labor's findings of fact are conclusive, if supported by substantial evidence.  However, the court, "for good cause shown, may remand the case to such Secretary to take further evidence, and . . . make

new or modified findings of fact". 19 U.S.C. §2395(b). Moreover, since the governing Trade Act of 1974 is remedial legislation, the Secretary is "obliged" to conduct an investigation with the utmost regard for the interests of the petitioning workers. E.g., Abbott v. Donovan, 7 CIT 323, 327-28, 588 F.Supp. 1438, 1442 (1984).

A

As the court reads the administrative record, such as it is, there is actually a finding by ETA of failure to satisfy 19 U.S.C. §2272(b)(2), supra, as opposed to (b)(3), per its report that the

> investigation revealed the subject firm did supply component parts utilized by customers engaged in textile manufacturing; however, workers at these textile manufacturing firms have not received a primary certification making them eligible to apply for adjustment assistance.

AR, p. 112. Although not stated, the record does indicate that Brawer Brothers, Inc. did not employ a group of workers who received a certification of eligibility under 19 U.S.C. §2272(a) during the relevant period of investigation. See id. at 55. However, there is not sufficient evidence on the record to support a finding that Brawer Brothers, Inc. was Warp Processing Co.'s only customer. Cf. Former Employees of General Elec. Corp. v. U.S. Dep't of Labor, 14 CIT 608 (1990)(no deference is due to determinations based on inadequate investigations).

This view appears to be shared now by the parties.  See Defendant's Consent Motion for Voluntary Remand, p. 3:

> . . . [P]laintiffs refer[] to supplemental evidence allegedly showing that Warp and Brawer Bros. may have operated as one entity.  A remand would enable Labor to place this information on the record and determine the scope of the relationship between Warp and Brawer Bros.

Whether or not Warp was a downstream producer for Native Textiles, Inc., a product of which was warp knit synthetic tricot fabric, evidence currently on the record does not provide the dispositive answer.  With regard to ETA's survey of Brawer Brothers' customers, there appears only to have been an inquiry into whether there were increased imports, and not whether that firm's customers were certified within the meaning of 19 U.S.C. §2272(b)(2), supra.

## III

In view of the foregoing, defendant's motion for remand should be, and it hereby is, granted.  On remand, ETA should supplement the record in this matter as necessary to reach a determination supported by substantial evidence.  Specifically, before deciding eligibility for adjustment or alternative adjustment assistance, the defendant is directed to determine the relationship between Warp Processing Co., Inc. and Brawer Brothers, Inc.; to determine the degree, if any, Native Textiles, Inc. was or

is a customer of Warp Processing Co., Inc.; to determine the degree, if any, the firms on the lists provided by petitioner Keith Thieman (AR, p. 75) and the firms presumably provided by Brawer Brothers, Inc. as a listing of its Major Declining Customers (id. at 102) were or are customers of Warp Processing Co., Inc.; and, in that regard, to determine if any workers of customers of Warp Processing Co., Inc. were certified as eligible under 19 U.S.C. §2272(a) to apply for adjustment assistance at a relevant time.

The defendant may have until May 22, 2009 to carry out this remand and report the results thereof.  The plaintiffs may file any comments thereon on or before June 19, 2009.

So ordered.

Dated:  New York, New York
        February 20, 2009

                          /s/ Thomas J. Aquilino, Jr.
                               Senior Judge